### SICKLES v. EDMONDS et al.
No. 35995.

Supreme Court of Oklahoma.
June 8, 1954.

Wm. T. Powell, Walters, Wilson & Wilson, Frederick, for plaintiff in error.

Walter Hubbell, and Luther Eubanks, Walters, for defendants in error.

ARNOLD, Justice.

Plaintiff R. H. Sickles brought this replevin action in the District Court of Tillman County against Clifford Edmonds, a resident of said county, and Bill Hurst Motors, Inc., a corporation, a domestic corporation with its principal place of business in Cotton County, for the possession of a 1952 Ford automobile or its value and for damages for expenses incurred, including attorney's fee.

The evidence, not in substantial dispute, shows that plaintiff bought and sold automobiles at Mexia, Texas; that he had a power of attorney from J. T. Camp, a dealer in Tyler, Texas, to buy automobiles for him; that on February 2, 1952, he found a new Ford automobile at Paley Reed Motor Company in Herne, Texas, which he could buy for $2,387; that he called Camp, described the car to him, and Camp told plaintiff he would pay $2,425 for it and authorized plaintiff to buy it for him; that in such transactions Camp allowed plaintiff to make a little profit as compensation for his efforts in locating cars; that plaintiff bought the car from Paley Reed Motor Company, paid cash for it, and made application for a title thereto in the name of Camp, signing J. T. Camp's name to the application under authority of the power of attorney which he possessed; that he then took the receipt for application for title (which receipt was made to J. T. Camp and showed there were no liens on the car), and the car and delivered both to J. T. Camp at Mahl, Texas, receiving from Camp a check for $2,425 in payment; the next morning plaintiff deposited the check; four days later the check was returned marked insufficient funds and plaintiff again deposited the check, which was returned unpaid a second time; meanwhile, on February 4, 1952, Camp sold the automobile to Bill Hurst Motors, Inc., at Walters, Oklahoma, giving them bill of sale thereto and the receipt for application for title which showed Camp to be the owner thereof and that there were no liens against the car (the evidence indicates that it usually takes about ten days for the Texas Highway Department to process applications for titles to automobiles and to issue same, and when issued such original titles are sent by registered mail to the dealer making the sale, in this case Paley-Reed Motor Company, which dealer forwards the original title to the person named as owner in the title, in this case J. T. Camp; the original title here was dated February 18, 1952, and was sent to Camp in this manner); on February 18, 1952, Bill Hurst Motors, Inc., sold the car to Clifford Edmonds, giving him bill of sale thereto; on February 28, 1952, Edmonds made application for and obtained an Oklahoma license, receiving such license on February 29th; meanwhile, after Camp's check to plaintiff had been dishonored the second time, plaintiff called on Camp at his office but Camp was not in; plaintiff demanded from Camp's secretary that the certificate of title (which by that time Camp had received from the Highway Depart-

ment) be delivered to him and the secretary gave him the certificate of title; plaintiff thereupon sought to locate the car and finally traced it to the possession of Edmonds; he made demand upon Edmonds for the possession of the car, and upon being refused, brought the instant action in the District Court of Tillman County.

Bill Hurst Motors, Inc., of Cotton County defended on the ground that no joint cause of action against it and defendant Edmonds had been stated in the petition, that it had been served with summons in Cotton County, and that therefore the trial court was without jurisdiction as to it; defendant Edmonds alleged that he was an innocent purchaser for value. At the conclusion of the evidence the demurrers of defendants were sustained—that of Edmonds on the ground that he was an innocent purchaser and that of Bill Hurst Motors, Inc. on the ground that a joint cause of action did not exist. From order overruling motion for new trial plaintiff appeals.

For reversal plaintiff contends that under the Certificate of Title Act of Texas, Vernon's Ann.P.C. art. 1436–1, § 1 et seq., which was pleaded and introduced in evidence, title to the automobile here involved never passed to defendant Bill Hurst Motors, Inc.; that having no title it could convey no title to defendant Edmonds; that as Edmonds admitted that he knew the automobile had been registered in Texas prior to his purchase thereof he made a false affidavit to the Oklahoma authorities when he stated under oath that the car was a new one and had never been registered in another state; that he was therefore not an innocent purchaser for value; that Bill Hurst Motors, Inc., having joined Edmonds in swearing that the automobile was new, was a joint tort feasor with Edmonds and the District Court of Tillman County had jurisdiction of both parties to this case.

The pertinent parts of the Texas Act claimed as controlling here provides that no motor vehicle shall be disposed of at a subsequent sale (that is, subsequent to the first sale by a dealer who has obtained the car from the manufacturer to another dealer or to a retail customer) unless the owner designated in the certificate of title shall transfer the title on proper forms prescribed by the Highway Department, before a notary public, accompanied by an affidavit that the signer is the owner of the vehicle and that there are no liens against it except such as are shown on the certificate of title, and that no title to any motor vehicle shall pass or vest until such transfer shall be so executed; and further provides:

"All sales made in violation of this Act shall be void and no title shall pass until the provisions of this Act have been complied with." § 53.

Plaintiff contends that inasmuch as J. T. Camp never transferred the certificate of title in the manner provided by this act to Bill Hurst Motors, Inc., but only gave it the receipt for certificate of title together with a bill of sale, that title to the automobile never vested in Bill Hurst Motors, Inc.

The evidence shows that Camp sold this automobile to Bill Hurst Motors, Inc., before the certificate of title was returned to him; that plaintiff, under authority of power of attorney, purchased the automobile originally for Camp, made application for certificate in Camp's name, and directed that the certificate when issued be sent direct to Camp. He asserted no lien on the automobile in the application for certificate of title. Under these circumstances plaintiff never at any time had title to or ownership of the car in question. Any claim of ownership now asserted by him is void under the provisions of the same statute which he seeks to assert against defendants here. Without deciding and regardless of whether the sale by Camp to Bill Hurst Motors, Inc., was or was not void under the Texas statute plaintiff must recover, if at all, on the strength of his own title, not the weakness of defendants'.

Plaintiff never having had ownership of or title to the automobile in question he cannot attack defendants' ownership thereof. This is decisive of the other questions raised by plaintiff.

Affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, DAVISON, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.